FRED MILLER v. THE STATE.

No. 5191.   Decided January 22, 1919.

**Embezzlement—Motion for New Trial—Continuance.**

Where defendant was convicted of embezzlement of a certain automobile, and in his motion for new trial produced the affidavit of one of the individuals to whom he had rented the car and who had used and returned it, and accounted for his absence at the trial and a failure to apply for a continuance because he could not then give the name or whereabouts of said individual, etc., the court should have granted a new trial under the circumstances of the instant case.   Following Dunham v. State, 3 Texas Crim. App., 465, and other cases.

Appeal from the Criminal District Court of Dallas.   Tried below before the Hon. Roby B. Seay.

Appeal from a conviction of embezzlement of an automobile; penalty, four years and a half in the penitentiary.

The opinion states the case.

W. W. Nelms, for appellant.

E. B. Hendricks, Assistant Attorney General, for the State.

MORROW, JUDGE.—The appellant was convicted of embezzlement and his punishment assessed at confinement for four and one-half years in the penitentiary.

Appellant was operating an automobile as a jitney in the City of Dallas under a contract with Walker, owner of the car, which contract ·contemplated that the appellant would drive the car for hire, receive compensation from the passengers, retain a part of the money thus collected as compensation to himself, and account for the remainder to his employer.   There is testimony that the agreement contemplated that he would report to his employer every hour and that he would not let the car out to others, but that he alone would drive it and remain in possession of it until it was delivered to the employer in accord with the established custom.   There is evidence that on the occasion on which the prosecution is based that the appellant, in disregard of the alleged instruction of his employer not to suffer others to have possession of his car, did rent the car to two other persons, agreeing with them upon the price and instructing them to use it for one hour and return it to the appellant at a certain point designated in the City of Dallas.   That after so delivering the car to the persons mentioned appellant, while walking on the street, met his employer, who demanded knowledge as to the whereabouts of the car and was informed by appellant that it had been stolen.   His employer insisted that appellant should accompany him to the city hall, which he did, and there, in conversation with the officers, who talked to him privately, told them that he had rented the car to a couple of men, but that he did not want his employer to know he had rented it; that if the officers would accompany him he would

find the car and deliver it to them. This being acquiesced in, the officers and appellant went to a point on one of the streets of Dallas, found the car and it was delivered to Walker.

The person who rented the car from appellant was not present and did not testify at the trial. There was testimony, however, by witnesses who were present at the time the appellant made the contract to rent out the car and delivered the possession of it to those to whom he rented it.

On motion for new trial the appellant produced the affidavit of one of the individuals to whom he had rented the car and who had used and returned it, accounting for his absence at the trial and his failure to apply for a continuance thereof by the fact that he was unable to give his name or his whereabouts, though he knew his description and knew him by sight. We think the trial court should have granted the motion for new trial. If appellant had appropriated the car to his own use, his statement to his employer that it had been stolen by someone else would have been a potent circumstance tending to prove his fraudulent intent. Explained as the record shows it, by the appellant's statement to the officers that the reason he had told his employer the car was stolen was to relieve himself of censure for disobedience of orders not to hire the car to others, in connection with the undisputed evidence of witnesses apparently disinterested to the effect that they were present and heard the contract to hire the car and saw appellant deliver it and heard him direct that it be returned within an hour, coupled with the fact that the car was pointed out to the officers at the place designated at about the time agreed upon, we think the evidence of appropriation of the car to his own use by the appellant is not of a satisfactory character. This view is emphasized by the affidavit mentioned, adduced upon the motion for new trial. It may be stated of this affidavit, that there is nothing in the record to throw suspicion upon its truth, though the fact that appellant failed to seek a continuance in order to procure the testimony of this witness would not bring it strictly within the rules applicable to newly discovered evidence. It is consistent, however, with the appellant's statement to the officers and with the evidence of the witnesses who testified to the contract of hire, and considering the manner in which the case appears to have been tried, we think it should have been considered in connection with his motion for new trial. Dunham v. State, 3 Texas Crim. App., 465; Bullock v. State, 12 Texas Crim. App., 42, and cases cited in Branch's Ann. P. C., p. 125.

Reversed and remanded.

*Reversed and remanded.*